IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Tinka Vassileva,** | ) |
|     Plaintiff, | ) |
| | )    Case No: 18 C 4595 |
| v. | ) |
| | )    Judge Ronald A. Guzmán |
| | ) |
| **City of Chicago,** | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendant's partial motion to dismiss [9] is granted in part and denied in part.

## STATEMENT

Plaintiff is a Filtration Engineer II ("FE-II") with the City of Chicago Department of Water Management ("DWM"). She was hired as an FE-II in 2001 and continues to remain in that position despite having applied for various higher-level FE positions and performing work at the higher-level positions. Plaintiff sues the City of Chicago, claiming employment discrimination based on her national origin, gender, and age, and retaliation for engaging in protected activity.

*Unequal terms of employment*. Plaintiff alleges unequal terms of employment based on her performing duties at levels higher than FE-II but being denied commensurate higher-level pay. She further alleges that DWM subjected her to false disciplinary charges, improperly docked her pay, and denied her overtime, training, and assignment to special projects. Though the timing of these purported discriminatory acts is not clear, Plaintiff appears to allege that they occurred throughout her employment. Plaintiff filed union grievances regarding these issues in March 2009 and August 2016.

*Failure to promote*. Despite interviewing for an FE-IV position, Plaintiff was not promoted in January 2008, and filed a related union grievance in December 2008. In December 2008 and July 2009, Plaintiff was laid off, although two FE-IV positions were vacant at the time. Plaintiff was rehired as an FE-II in May 2011. In August 2015, Plaintiff applied for one of eight open FE-IV positions, but was not selected to fill any of them; she filed a union grievance in September 2015 relating to this failure to promote her. Plaintiff subsequently applied for open FE-V positions in September 2016 and December 2017, but two other individuals were chosen to fill those positions.

*Charges*. On the following dates, Plaintiff filed three charges with the Illinois

Department of Human Rights ("IDHR") which were cross-filed with the Equal Opportunity Employment Commission ("EEOC"): February 2, 2017; March 14, 2017; and March 5, 2018. Plaintiff complained of unequal terms and conditions of employment, failure to promote, and retaliation.

Defendant moves to partially dismiss the complaint on the ground that most of Plaintiff's discrimination claims are time-barred. Title VII requires charges of employment discrimination to be filed within 300 days of the unlawful practice. 42 U.S.C. § 2000e-5(e)(1). Thus, Defendant contends that because Plaintiff did not file her first charge until February 2, 2017, any claims of alleged discrimination based on discrete acts that occurred before April 8, 2016 must be dismissed with prejudice. Plaintiff attempts to rely on the concept of a continuing violation in order to save her time-barred claims, asserting that "[f]rom a review of the pleadings, it is difficult to determine which acts were discrete acts of discrimination and retaliation and which were part of a continuing scheme." (Pl.'s Resp., Dkt. # 16-1, at 2.) "But this reasoning applies to hostile-work-environment claims only," and "[a] Title VII plaintiff seeking redress for a series of discrete discriminatory acts cannot avoid the effect of the limitations period by arguing that the discrete acts are 'plausibly or sufficiently related.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 730 (7th Cir. 2014); *see also Rodrigue v. Olin Emps. Credit Union*, 406 F.3d 434, 443 (7th Cir. 2005) (noting that the continuing-violation rule "does not apply to a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing"); *King v. Elementary Sch. Dist. #159*, No. 17 C 4637, 2018 WL 1734645, at *3 (N.D. Ill. Apr. 10, 2018) ("Discrete discriminatory acts are 'not actionable if time barred, even when they are related to acts alleged in timely filed charges.'") (citation omitted). Thus, Plaintiff's conjecture that the discrete acts of purported discrimination may have been part of an ongoing or continuing violation is unavailing.

While this generally would be the end of the inquiry, Plaintiff attempts to save her time-barred claims by asserting that DWM's actions created a hostile work environment. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) ("Provided than an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability."); *see also Lohrasbi v. Bd. of Trs.,* 147 F. Supp. 3d 746, 754 (C.D. Ill. 2015) ("Plaintiff can . . . bring claims alleging acts that are outside of the 300-day window if the claims are the result of an allegedly hostile work environment.") (emphasis omitted). "A hostile work environment is present when a workplace is 'permeated with discriminatory intimidation, ridicule and insult,' resulting in an abusive environment." *Id*. (citation omitted). In support of her hostile-work-environment claim, Plaintiff points to the same conduct that supports her discrimination claims; none of those allegations, however, refer to intimidation, ridicule, insult, or abuse. Because Plaintiff fails to plead a plausible hostile-work-environment claim, she cannot save discrimination claims involving time-barred acts by alleging that they were part of a hostile work environment.

While Plaintiff seeks punitive damages in her complaint, she acknowledges in response to the motion to dismiss that she is not entitled to seek punitive damages against a municipality. Thus, Plaintiff's requests for punitive damages are stricken. Finally, regarding Defendant's

2

contention that allegations of time-barred acts should be stricken from the complaint, the request is denied. *Butler v. Sw. Airlines Co.*, No. 12 C 1506, 2014 WL 199257, at *7 (S.D. Ind. Jan. 16, 2014) ("Although '[o]n claims other than hostile work environment claims, acts outside the statutory time period cannot be the basis of liability,' [Plaintiff] is correct that time-barred acts can function as evidentiary 'support for a timely claim.'") (quoting *West v. Ortho–McNeil Pharm. Corp.*, 405 F.3d 578, 581 (7th Cir. 2005)).

For these reasons, the Court grants in part and denies in part Defendant's partial motion to dismiss. Any federal-law claims based on acts that occurred prior to April 8, 2016[1] are time-barred, and Plaintiff's requests for punitive damages are stricken. The Court denies Defendant's request to strike time-barred allegations from the complaint.

**Date**: November 1, 2018

_____
**Ronald A. Guzmán**
**United States District Judge**

---

[1] Plaintiff's Count V is based solely on a violation of the Illinois Human Rights Act, the applicable version of which requires a plaintiff to file an employment discrimination charge with the IDHR within 180 days "after the date that a civil rights violation allegedly has been committed." 775 ILCS 5/7A-102. A recent amendment increased the period to file to within 300 days of the alleged civil rights violation, but the amendment applies only to charges filed after August 24, 2018 and is, therefore, inapplicable here. *See* 775 ILCS 5/7A-102(L). Thus, Plaintiff may seek relief under Count V only for claims based on acts or omissions alleged to have occurred after August 6, 2016 (180 days prior to February 2, 2017, the date of Plaintiff's filing of her first IDHR charge).